**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4555**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN HOWARD BRADY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:15-cr-00303-MJG-9)

Submitted: June 30, 2017                                    Decided: August 2, 2017

Before TRAXLER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Howard Brady was convicted by a jury of conspiracy to commit bribery and two counts of bribery concerning a program receiving federal benefits, in violation of 18 U.S.C. §§ 371, 666(a)(2), (b) (2012). He appeals his convictions and 36-month sentence, arguing that § 666 is unconstitutional and that the district court erred in calculating the amount of loss for sentencing purposes. Finding no error, we affirm.

I.

Brady argues that § 666 is unconstitutional on its face and as applied to him. Brady concedes, however, that the Supreme Court's decision in *Sabri v. United States*, 541 U.S. 600 (2004), forecloses his facial challenge. As to Brady's as-applied claims, we review challenges to the constitutionality of a statute de novo. *United States v. Shrader*, 675 F.3d 300, 310 (4th Cir. 2012).

First, Brady contends that applying § 666 to the facts of his case violates the Spending Clause, which gives Congress the power to "to pay the Debts and provide for the common Defence and general Welfare of the United States," U.S. Const. art. I, § 8, cl. 1, and the Necessary and Proper Clause, which gives Congress the authority to "make all Laws which shall be necessary and proper for carrying into Execution" the Spending Clause and Congress' other enumerated powers, U.S. Const. art. I, § 8, cl. 18. Brady argues that his indictment is constitutionally infirm because it failed to allege a nexus between Brady's bribery and the federal funds at issue. The *Sabri* Court rejected this requirement, however. *Sabri*, 541 U.S. at 604 ("We can readily dispose of this position that, to qualify as a valid exercise of Article I power, the statute must require proof of

2

connection with federal money as an element of the offense."); *see also United States v. Hines*, 541 F.3d 833, 836 (8th Cir. 2008) (collecting cases rejecting similar argument). Brady also argues that the indictment does not include sufficient allegations that the federal funds involved qualify as federal "benefits" under § 666(b). We conclude, however, that the indictment's statement that the local government entity received "in excess of $10,000 annually under a Federal program involving a grant, contract, subsidy, loan guarantee, insurance or other form of Federal assistance" sufficiently identifies the federal funds as "benefits" under the statute.

Next, Brady contends that the Tenth Amendment precludes application of § 666 to his case. We are unpersuaded. Although the bribes at issue implicate local interests, those interests do not preempt the federal government from enacting concurrent laws. The federal government has an interest in ensuring that recipients of benefits do not misuse funds, directly or indirectly. *Sabri*, 541 U.S. at 605-06. And Congress has ensured a federal interest in these local affairs sufficient to warrant federal intervention by "condition[ing] the offense on a threshold amount of federal dollars defining the federal interest." *Id.* at 606. Accordingly, we reject Brady's Tenth Amendment challenge.

## II.

Brady also argues that the district court erred in calculating his total offense level and sentencing range because the court applied a 14-level enhancement for a loss greater than $550,000 without making adequate factual findings to support such a loss amount. We review a sentence for procedural and substantive reasonableness under "a deferential

3

abuse-of-discretion standard," *Gall v. United States*, 552 U.S. 38, 41 (2007), and the district court's determination of loss amount for clear error, *United States v. Jones*, 716 F.3d 851, 859-60 (4th Cir. 2013). The district court need only make a "reasonable estimate" of the loss. *United States v. Cloud*, 680 F.3d 396, 409 (4th Cir. 2012); U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2015). We have previously determined that district courts may use extrapolation in computing loss. *United States v. Pierce*, 409 F.3d 228, 234 (4th Cir. 2005).

In determining that the total loss amount exceeded $550,000 for sentencing purposes, the district court relied on the extrapolation of the videotaped incidents to the overall duration of Brady's criminal conduct. Although Brady seeks a loss total based only on the taped incidents, he has not established that the loss total based on the extrapolation method is unreasonable.[*] Thus, we find that the court did not clearly err in determining that the total loss amount was in excess of $550,000.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Brady argued that extrapolation of the taped incidents to 2009 would be inappropriate. However, even disregarding the extrapolated loss for 2009 (roughly $80,000), the total loss amount remains well above $550,000.